IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN REILLY,

    Plaintiff,

vs.                                   Case No. 4:10cv69-WS/WCS

PAUL M. VILLENEUVE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. In a separate order entered this day, Plaintiff's *in forma pauperis* motion, doc. 2, has been granted. Because Plaintiff lacks sufficient funds in his inmate bank account, he has not been required to pay an initial partial filing fee and the complaint has now been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff has named only one Defendant, Paul M. Villeneuve, an attorney in private practice. Plaintiff states he is suing the Defendant "for malpractice, negligence, breach of contract and deliberate indifference . . . ." Doc. 1, p. 5. Plaintiff contends that

he contracted with the Defendant to represent him in several, separate criminal cases and after the first case went to trial, the Defendant requested additional money. *Id.* When Plaintiff's family could not pay the additional amount over the fifteen thousand originally paid, Plaintiff claims the Defendant "withdrew from all the remaining cases and abandoned" him. *Id.* Plaintiff alleges he is now defending himself in his remaining cases. *Id.* Plaintiff contends that beyond abandoning him due to lack of funds, the Defendant withdrew over frustration that Plaintiff did not want to accept the State's plea offer. *Id.* In short, Plaintiff contends the Defendant "was negligent because he did not move to dismiss" a case, and failed to complete his part of their agreement. *Id.*, at 6. Plaintiff alleges the Defendant's abandonment cause him "extensive" harm and Plaintiff seeks just compensation. *Id.*, at 6-7.

"To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that the Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981);

Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). Plaintiff's complaint fails to allege facts sufficient to constitute a constitution deprivation under § 1983.

Representation by public defenders or private attorneys retained to provide criminal defense is not "state action" and thus gives rise to no liability pursuant to § 1983. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Plaintiff's complaint fails to state a claim because the Defendant is not a "state actor."

The actions of defense counsel in representing Plaintiff are the acts of a private party and the allegations support nothing more than a state law claim. Even if he had not paid for legal representation and had court-appointed counsel, the law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role.)

Perhaps Plaintiff has a claim for legal malpractice or breach of contract, *see* Weiner v. Prudential Mortgage Investors, Inc., 557 So. 2d 912 (Fla. 3d DCA 1990), but no federal constitutional claims are evident. Diversity of citizenship does not exist, and this court lacks subject matter jurisdiction of any potential claim, whether federal or state. This case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for lack of jurisdiction as to any state claim and for failure to state a claim as to any federal claim.

**IN CHAMBERS** at Tallahassee, Florida, on March 10, 2010.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**